I concur in the majority's analysis and disposition of appellant's third assignment of error. I further concur in the majority's disposition of appellant's first and second assignments of error. However, I find appellant's misdemeanor marijuana conviction was properly admitted because appellant "opened the door" during his testimony on direct examination. I do not believe the invited error doctrine applies herein as that doctrine implies error occurred. I find no error occurred in the case sub judice with respect to admission of appellant's misdemeanor marijuana conviction. Finally, I concur in the majority's disposition of appellant's fourth assignment of error. However, I do so for a different reason. The majority finds the trial court erred in admitting this evidence under Evid.R. 609(F) because appellant had already admitted the conviction (Maj. Op. at 17). Although this is one way the conviction may be proved, it does not preclude proof by public record shown to the witness during his examination. Appellant was shown the judgment entry, a public record, during his cross-examination. (T. at 391-392). Accordingly, unlike the majority, I find its admission was not error under Evid.R. 609(F) and Evid.R. 403(B).